UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEWERAGE AND WATER BOARD OF NEW ORLEANS | CIVIL ACTION NO. |
| VERSUS | SECTION: |
| TEEKAY SHIPPING LTD, XYZ INSURANCE COMPANY, TEEKAY MARINE GLASGOW LTD, DEF INSURANCE COMPANY, ASIAN SPIRIT LLC, GHI INSURANCE COMPANY, IN PERSONAM AND THE M/V ASIAN SPIRIT IN REM | |

COMPLAINT

The Sewerage and Water Board of New Orleans, a public corporation created under the terms of Act 6 of 1899, E.S., now Title 33, Section 4071 through 4160, both inclusive, of the Louisiana Revised Statutes of 1950, as amended, appearing herein through its proper officer, with respect represents:

I.

This is a maritime claim within the maritime and admiralty jurisdiction of the United States and of this Honorable Court within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

II.

At all times hereinafter mentioned, defendant, Teekay Shipping LTD was, and now is, a foreign corporation authorized to do and doing business in the state of Louisiana and was and now is the owner and/or operator and/or manager of the vessel M/V Asian Spirit, which is now and will be during pendency of process herein in this district and within the jurisdiction of this Honorable Court, and said party is amenable to suit in personam pursuant to the provisions of the Louisiana Watercraft Statute of 1950, R.S. 13:3479, et seq.

III.

At all times hereinafter mentioned, defendant, XYZ Insurance Company, which name is being used until the actual identity can be ascertained, upon information and belief, was and now is, a foreign insurance company authorized to do and doing business in the state of Louisiana and was the insurer of Teekay Shipping LTD and provided a policy of insurance for the damages claimed herein at the time of the accident.

IV.

At all times hereinafter mentioned, defendant, Teekay Marine Glasgow LTD was, and now is, a foreign corporation authorized to do and doing business in the state of Louisiana and was and now is the owner and/or operator and/or manager of the vessel M/V Asian Spirit, which is now and will be during pendency of process herein in this district and within the jurisdiction of this Honorable Court, and said party is amenable to suit in personam pursuant to the provisions of the Louisiana Watercraft Statute of 1950, R.S. 13:3479, et seq.

V.

At all times hereinafter mentioned, defendant, DEF Insurance Company, which name is being used until the actual identity can be ascertained, upon information and belief, was and now is, a foreign insurance company authorized to do and doing business in the state of Louisiana and was the insurer of Teekay Marine Glasgow LTD and provided a policy of insurance for the damages claimed herein at the time of the accident.

VI.

At all times hereinafter mentioned, defendant, Asian Spirit LLC was, and now is, a foreign corporation authorized to do and doing business in the state of Louisiana and was and now is the owner and/or operator and/or manager of the vessel M/V Asian Spirit, which is now and will be during pendency of process herein in this district and within the jurisdiction of this Honorable Court, and said party is amenable to suit in personam pursuant to the provisions of the Louisiana Watercraft Statute of 1950, R.S. 13:3479, et seq.

VII.

At all times hereinafter mentioned, defendant, GHI Insurance Company, which name is being used until the actual identity can be ascertained, upon information and belief, was and now is, a foreign insurance company authorized to do and doing business in the state of Louisiana and was the insurer Asian Spirit LLC and of the M/V Asian Spirit and provided a policy of insurance for the damages claimed herein at the time of the accident.

VIII.

On information and belief, plaintiff alleges that on February 8, 2012 a collision occurred in the Mississippi River as a result of the navigation of the M/V Asian Spirit when said vessel

went out of control and came into contact with plaintiff's intake dolphins and walkway at Oak Street and the Mississippi River at New Orleans, Louisiana, causing extensive damage to same.

IX.

On information and belief, plaintiff alleges that the defendants were negligent and the M/V Asian Spirit was unseaworthy in the following respects, among others, as will be more fully shown and proven at the trial of this matter:

1. The M/V Asian Spirit was not in charge of a competent crew;
2. Those aboard the M/V Asian Spirit failed to take any action to avoid a collision;
3. The M/V Asian Spirit was underpowered in this matter and was not operating properly;
4. Those aboard the M/V Asian Spirit failed to maintain a proper lookout, to take necessary steps to avoid a collision when the danger of a collision was apparent.

The negligence of the defendants and the unseaworthiness of the M/V Asian Spirit was the sole and proximate cause of the damage to the plaintiff's intake dolphins and walkway. Plaintiff reserves the right to amend the allegations of the complaint when all of the facts are known.

X.

The aforesaid collision and damages resulting therefrom to plaintiff's intake dolphins and walkway and their resultant loss of use were not caused or contributed to by any fault or neglect on the part of the plaintiff, but were caused solely as a result of negligence of the defendants and the unseaworthiness of the M/V Asian Spirit.

XI.

By reason of the premises, and as a result of the aforesaid collision, plaintiff has sustained damages, no part of which has been paid, although duly demanded.

XII.

Defendants, as owner and/or operator and/or manager of the M/V Asian Spirit and as a result of its use of Louisiana waters, appointed the Secretary of State of the State of Louisiana as their agent for service of process.

XIII.

All in singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

XIV.

At all times pertinent hereto, XYZ Insurance Company had in full force and effect a policy of liability insurance insuring Teekay Shipping, LTD and protecting against the liability asserted herein.

XV.

At all times pertinent hereto, DEF Insurance Company had in full force and effect a policy of liability insurance insuring Teekay Marine Glasgow LTD and protecting against the liability asserted herein.

XVI.

At all times pertinent hereto, GHI Insurance Company had in full force and effect a policy of liability insurance insuring Asian Spirit LLC and protecting against the liability asserted herein.

WHEREFORE, plaintiff prays process in due form of law according to the practices of this Honorable Court may issue against defendants, Teekay Shipping, LTD, XYZ Insurance Company, Teekay Marine Glasgow LTD, DEF Insurance Company, Asian Spirit LLC, and GHI Insurance company, assigning them to appear and answer all in singular the matters aforesaid; and that process and due form of law may issue in rem against the vessel M/V Asian Spirit, and that all persons claiming an interest in said vessel may be required to appear and answer all in singular the matters aforesaid; and after due proceedings had the Sewerage and Water Board of New Orleans, plaintiff, may obtain judgment in its favor and against defendants and in rem against the vessel M/V Asian Spirit for a sum as is reasonable in the premises, together with interest and costs; that the collision lien of plaintiff against the M/V Asian Spirit be recognized and that the said vessel may be condemned and sold to satisfy any judgment herein.

And for all general and equitable relief.

Respectfully submitted,

**HAROLD D. MARCHAND, DEPUTY SPECIAL COUNSEL (7543)**
**SEWERAGE AND WATER BOARD OF NEW ORLEANS**
**625 ST. JOSEPH STREET, ROOM 201**
**NEW ORLEANS, LA 70165**
**(504) 585-2236**
**(504) 585-2426 (FAX)**
**BRIAN FERRARA, INTERIM SPECIAL COUNSEL**

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned Notary Public in and for the State and Parish aforesaid, personally came and appeared Harold D. Marchand, who, after being duly sworn did depose and say that he is the attorney for the plaintiff, Sewerage and Water Board of New Orleans, and he hereby certifies that all facts stated in the complaint are true and correct.

*Harold D. Marchand*
HAROLD D. MARCHAND

SWORN TO AND SUBSCRIBED BEFORE ME
THIS __4th__ DAY OF __February__ 2013

*[signature]*
NOTARY PUBLIC

n:\lit\pla\teekay shipping\ple\130131complaint.doc